

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) MATTHEW CLARKE, an individual, )
                                    )
         Plaintiff,                 )
                                    )    No. 18 CV 306 TCK - JFJ
v.                                  )
                                    )
(1) STATE FARM MUTUAL AUTOMOBILE    )
INSURANCE COMPANY, a Foreign For Profit )
Corporation,                        )
                                    )
         Defendant.                 )

FILED
JUN 08 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## NOTICE OF REMOVAL

The Petitioner, State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant in the above-captioned case, states the following:

1. The above-entitled cause was commenced on May 14, 2018, in the District Court of Tulsa County, entitled *Matthew Clarke v. State Farm Mutual Automobile Insurance Company, a Foreign For Profit Corporation*, Case No. CJ-2018-2068. A copy of Plaintiff's Petition setting forth his claims for relief upon which the action is based is attached hereto and marked Exhibit 1. A copy of the Summons served upon State Farm is attached hereto and marked Exhibit 2. State Farm was served Summons and Petition via service on the Oklahoma Insurance Department on May 16, 2018. (Summons, Exhibit 2).

2. State Farm's principal place of business is in the State of Illinois, and State Farm is incorporated in the State of Illinois. Plaintiff, Matthew Clarke, is a resident and citizen of Tulsa County, State of Oklahoma. (Petition, ¶ 1, Exhibit 1). Plaintiff's cause of action is for alleged breach of an automobile insurance policy and alleged breach of the implied duty of good faith and fair dealing. The matter in controversy between Plaintiff and State Farm, according to Plaintiff's demand,



exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs. (Plaintiff's Petition, p. 5, Exhibit 1).

3. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff's demands, exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by State Farm pursuant to 28 U.S.C. § 1441(a).

4. This Notice of Removal is filed in this Court within thirty (30) days after May 16, 2018, the date State Farm was served with a copy of Plaintiff's Petition, which was the initial pleading setting forth the claims for relief upon which this action is based. (Summons, Exhibit 2).

5. Copies of all process, pleadings, and Orders served upon Defendant, State Farm, have been attached hereto as Exhibit 1 (Petition), and Exhibit 2 (Summons). Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 3.

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, prays that this action be removed.

Dated this __8th__ day of June, 2018.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

__/s/ John S. Gladd__
John S. Gladd, OBA #12307
J. Andrew Brown, OBA #22504
525 South Main, Suite 1500
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096

## CERTIFICATE OF SERVICE

I hereby certify that on the __8th__ day of June, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen
Laura L. Hamilton
Smolen, Smolen, & Roytman, PLLC
701 S. Cincinnati Ave.
Tulsa, OK 74119

                                                   /s/ John S. Gladd

S:\Files\416\323\Removal\Notice of Removal-mac.wpd

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA



DISTRICT COURT
FILED
MAY 1 4 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MATTHEW CLARKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: CJ-2018-02068 |
| v. ) | |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | JEFFERSON D. SELLERS |
| INSURANCE COMPANY, A Foreign For ) | |
| Profit Corporation, ) | |
| ) | |
| Defendant. ) | ATTORNEY LIEN CLAIMED |

## PETITION

COMES NOW the Plaintiff, Matthew Clarke, by and through his attorneys of record, and for his cause of action against the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), alleges and states the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Matthew Clarke, is, and was at all times relevant hereto, a resident of Tulsa County, Oklahoma.

2. Defendant State Farm is a foreign for profit insurance corporation doing business in Tulsa County, Oklahoma.

3. The accident and injuries that give rise to this litigation occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### STATEMENT OF FACTS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around November 18, 2016, a motor vehicle accident involving Plaintiff and third party tortfeasor Kristen Ward occurred when Ward negligently pulled in front of the vehicle in

EXHIBIT 1

which Plaintiff was traveling. Kristen Ward had the minimum amount of Oklahoma liability insurance coverage at the time of the accident.

7. As a result of the negligence of Kristen Ward, Plaintiff has suffered significant personal injuries, medical expenses, and property damage.

8. The vehicle Plaintiff was operating at the time of this accident was covered under a policy of uninsured/underinsured motorist ("UM") coverage, written by Defendant State Farm.

9. The tortfeasor responsible for Plaintiff's injuries was underinsured at the time of this loss based upon the nature and extent of Plaintiff's injuries.

10. Plaintiff submitted a demand to State Farm for all applicable benefits under the applicable policy of UM insurance.

11. Thereafter, Plaintiff cooperated with all of State Farm's requests for additional information.

12. Plaintiff relied on Defendant State Farm to properly handle his UM claim and make payment pursuant to the coverage afforded to him under the applicable policy of insurance.

13. Plaintiff has made due demand on the Defendant for payment of policy benefits and otherwise met all of the conditions precedent for payment under the UM policy.

14. Defendant State Farm refuses to pay the Plaintiff the UM insurance policy benefits so clearly due and owing.

15. As such, Plaintiff has suffered significant injuries.

## CAUSES OF ACTION

### I.   BREACH OF CONTRACT

16. Paragraphs 1-15 are incorporated herein by reference.

17. Plaintiff had a policy of insurance with Defendant State Farm on the vehicle driven by him at all times relevant hereto with UM coverage included therein.

18. The accident at issue was caused by a third-party tortfeasor who was underinsured.

19. Pursuant to the terms of the applicable insurance policy, this is a factual situation wherein the UM coverage contained in said policy applies.

20. Plaintiff has requested Defendant State Farm tender payment under said UM policy and Defendant has failed and refused to do so. Plaintiff has performed all conditions precedent under the policy.

21. Defendant State Farm has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages which is so clearly due and owing.

## II.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

22. Paragraphs 1-21 are incorporated herein by reference.

23. Plaintiff was insured under a policy of insurance written by Defendant State Farm providing UM coverage.

24. Plaintiff requested Defendant State Farm tender any and all applicable benefits under such policy but Defendant has failed and refused to do so.

25. In its handling of Plaintiff's claims for benefits, and as a matter of routine practice in handling similar claims, Defendant State Farm breached its affirmative duty to deal fairly and in good faith towards the Plaintiff in the following respects:

    a. Failing to pay Plaintiff the benefits he was entitled under the policy of insurance at a time when Defendant knew Plaintiff was entitled to those benefits;

    b. Withholding payment of benefits knowing that Plaintiff's claim for benefits was valid;

    c. Unreasonably delaying payment of benefits without reasonable basis;

d. Refusing to pay Plaintiff's claims for reasons contrary to the express provisions of the law;

e. Intentionally and recklessly misapplying provisions of the insurance policy and looking for ways to avoid paying some or all of Plaintiff's claims;

f. Failing to properly investigate Plaintiff's claims for benefits;

g. Failing to properly evaluate Plaintiff's claims for benefits;

h. Failing to adopt and implement reasonable standards for the prompt investigation, evaluation and handling of claims arising under its policies, including Plaintiff's;

i. Unreasonably delaying Plaintiff's claim and putting the burden of investigation onto Plaintiff and his attorneys; and

j. Failing to attempt to act in good faith to effectuate a prompt and fair settlement of Plaintiff's claims.

26. As a direct result of Defendant State Farm's breach of contract and breach of its affirmative duty of good faith and fair dealing, Plaintiff has suffered the loss of insurance benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

### III.  PUNITIVE DAMAGES

27. Paragraphs 1-26 are incorporated herein by reference.

28. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others was conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

29. Such actions were not only detrimental to Plaintiff, but to the public in general.

30. Defendant acted intentionally, maliciously, and in reckless disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against the Defendant.

WHEREFORE, based on the foregoing, Plaintiff prays that the Court grant him the relief sought, including but not limited to actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), all applicable pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
laurahamilton@ssrok.com
*Attorneys for Plaintiff*

7712

OKLAHOMA INSURANCE DEPARTMENT
RECEIVED
MAY 16 2018
Legal Division

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

MATTHEW CLARKE, an individual, )
)
Plaintiff, )     **CJ-2018-02068**
) Case No.
v. )     Judge: _____
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a Foreign For )     JEFFERSON D. SELLERS
Profit Corporation, )
)     **ATTORNEY LIEN CLAIMED**
)
Defendant. )

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
C/O JOHN D. DOAK
OKLAHOMA INSURANCE COMMISSIONER
5 Corporate Plaza
3625 NW 56th, Suite 100
Oklahoma City, OK 73112-4511

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this __14__ day of __5__, 2018

DON NEWBERRY, Court Clerk
County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on _____

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**EXHIBIT 2**

**Return ORIGINAL for filing.**

### PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2018, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |
| | | |

### USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2018, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

### NOT FOUND

Received this Summons this _____ day of _____, 2018. I certify that the following persons of the defendant within named not found in said County: _____.

### FEES

Fee for service $_____, Mileage $_____, Total $_____.

Dated this _____ day of _____, 2018.

By: _____
Sheriff of _____ County,

### AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2018.

My Commission Expires: _____      _____

Seal                                    Notary Public

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2018, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |
| | | |

_____
Signature of person mailing summons



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

MATTHEW CLARKE,
    Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
    Defendant.

No. CJ-2018-2068
(Civil relief more than $10,000: BREACH OF AGREEMENT - CONTRACT)

Filed: 05/14/2018

Judge: Sellers, Jefferson D.

## PARTIES

CLARKE, MATTHEW, Plaintiff
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| SMOLEN, DONALD E II (Bar #19944)<br>SMOLEN, SMOLEN & ROYTMAN PLLC<br>701 S CINCINNATI AVE<br>TULSA, OK 74119 | CLARKE, MATTHEW |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

Issue # 1.    Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
               Filed By: CLARKE, MATTHEW
               Filed Date: 05/14/2018

Party Name

**Disposition Information**



**Defendant:**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 05-14-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 05-14-2018 | CONTRACT | BREACH OF AGREEMENT - CONTRACT | | | |
| 05-14-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 05-14-2018 | PFE1 | PETITION<br>Document Available (#1040340295) 📄TIFF 📄PDF | | | $ 163.00 |
| 05-14-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 05-14-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 05-14-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 05-14-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 05-14-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 05-14-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 05-14-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 05-14-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 05-14-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 05-14-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 05-14-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 05-14-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 05-14-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 05-14-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 05-14-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 05-14-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 05-14-2018 | ACCOUNT | RECEIPT # 2018-3763116 ON 05/14/2018.<br>PAYOR: SMOLEN SMOLEN & ROYTMAN PLLC TOTAL AMOUNT PAID: $ 242.14.<br>LINE ITEMS:<br>CJ-2018-2068: $173.00 ON AC01 CLERK FEES.<br>CJ-2018-2068: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.<br>CJ-2018-2068: $1.66 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2018-2068: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2018-2068: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2018-2068: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.<br>CJ-2018-2068: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.<br>CJ-2018-2068: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.<br>CJ-2018-2068: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2018-2068: $10.00 ON AC81 LENGTHY TRIAL FUND.<br>CJ-2018-2068: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |